GILBERT *v.* JACKSON FOX FARMS.

MORTGAGES—FORECLOSURE—DEFAULT—WASTE.
> In suit to foreclose mortgage, finding of court below that the parties had not postponed date of payment of interest, and therefore defendant was in default, and also that defendant was guilty of waste in selling gravel from the mortgaged premises, *held,* sustained by the testimony, justifying decree for foreclosure.

Appeal from Mecosta; Barton (Joseph), J. Submitted April 8, 1930. (Docket No. 20, Calendar No. 34,828.) Decided June 2, 1930.

Bill by Charles L. Gilbert and another against the Jackson Fox Farms, a Michigan corporation, to foreclose a mortgage on real estate. From a decree for plaintiffs, defendant appeals. Affirmed.

*Penny & Worcester,* for plaintiffs.

*Ernest C. Smith,* for defendant.

POTTER, J.   October 20, 1925, the Jackson Fox Farms, Incorporated, made, executed, and delivered to George L. Jackson and Ida W. Jackson, husband and wife, a real estate mortgage covering lands in Mecosta county, in the principal sum of $14,000. Subsequently a part of the mortgaged premises were released from the mortgage upon the payment of $5,000, leaving the principal amount due on the mortgage covering the remainder of the land $9,000. The mortgage contained a covenant against waste and an acceleration clause in case of default in the

payment of the principal or interest or a violation of the covenants in the mortgage. October 22, 1926, the mortgage and note secured thereby were assigned by the Jacksons to plaintiffs C. L. Gilbert and Orrie L. Gilbert. Both the mortgagor and the assignees of the mortgage were engaged in ranching foxes, and, by agreement between the parties, plaintiffs bought fox food on running account from defendants, which accounts were settled after fox pelts went on the market about January of each year. The bill of complaint herein was filed December 26, 1928. Plaintiffs claim default in the payment of interest when due and declare the whole amount of the mortgage, both principal and interest, due and payable. Plaintiffs also claim defendant has been guilty of waste in selling gravel from the premises. Defendant answered, and claimed plaintiffs owed it substantial sums of money on unpaid account, and there was no default in the payment of interest; that the time for annual settlement had been carried forward by mutual consent, and that plaintiffs could not therefore declare the whole amount secured by the mortgage due and unpaid and maintain their foreclosure bill; that the sale of the gravel from the premises did not affect the value thereof nor reduce the amount of plaintiffs' security; that such gravel was sold with plaintiffs' knowledge for use in the construction of State trunk line road M-131, and the construction of such road increased the value of the mortgaged premises.

After suit brought, the defendant tendered into court $150.91, the amount defendant conceded to be due. There was decree for plaintiffs, and defendant appeals.

There was no default in the payment of interest due on the mortgage if plaintiffs owed defendant for

fox food on open account an amount equal to the interest accrued on the mortgage and the parties by mutual agreement or course of dealing had postponed the date of payment of the interest until such time as the open account was settled. Whether they had done so or not was a question of fact upon which the trial court found against the defendant. The sale of gravel was from an open pit from which gravel had been sold from time to time before and after the mortgage was given. The sale alleged to constitute waste was of approximately 1,600 yards for about $200. It is claimed this sale diminished the value of the plaintiffs' security and constituted waste entitling plaintiffs to foreclose. The trial court found it did. There was testimony to sustain the trial court's findings upon both disputed questions of fact, and upon argument here we agree with the trial court. Decree affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.